J-S92036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK ERIC FRANKLIN, | : | |
| | : | |
| Appellant | : | No. 894 WDA 2016 |

Appeal from the PCRA Order June 6, 2016
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000275-2000

BEFORE:    SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED FEBRUARY 16, 2017**

Frank Eric Franklin (Appellant) appeals from the June 6, 2016 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2000, Appellant was convicted and sentenced to 19 to 38 years of imprisonment for rape, attempted rape, and other charges related to his serial abuse of his daughters.  His direct appeal was quashed; his appeal rights were reinstated via the PCRA; his judgment of sentence was affirmed by this Court; and our Supreme Court denied his petition for allowance of appeal on September 1, 2004.  *Commonwealth v. Franklin*, 850 A.2d 7 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 858 A.2d 108 (Pa. 2004).  Subsequent PCRA petitions merited Appellant no relief.

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant filed the PCRA petition that gave rise to the instant appeal on May 5, 2016. On May 18, 2016, the PCRA court filed a notice of intent to dismiss Appellant's petition as untimely filed. After considering Appellant's response to the notice, the PCRA court dismissed Appellant's petition by order of June 6, 2016. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. We thus consider whether the PCRA court erred in dismissing Appellant's petition.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b).

Because Appellant's judgment of sentence became final in 2004, it is facially untimely. However, in his PCRA petition, Appellant alleged that he could prove the following timeliness exception: "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Specifically, he alleged that he did not know he had an illegal sentence until

he did legal research at SCI-Laurel Highlands with the assistance of jailhouse paralegals.[1] PCRA Petition, 5/5/2016 at 3.[2]

Appellant's claim does not merit relief. He indicates in his brief to this Court that he lacks formal education and he "spent many hours reading about different cases, but never really understood how any of it could apply to his case." Appellant's Brief at 8. He asserts that his diligence is proved because, "even though it took over a year," he discovered the fact that his sentence was illegal when his formally-trained counsel had been unable to do so. *Id.*

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

---

[1] In his response to the PCRA court's notice of intent to dismiss, Appellant indicated that he discovered that he had an illegal sentence in "April 2016." Response to 907 Notice, 5/31/2016.

[2] He also alleged in his PCRA petition that "the failure to raise the claim previously was the result of interference by government officials," 42 Pa.C.S. § 9545(b)(1)(ii), contending that sentencing counsel "failed to object to multiple charges instead of having them merged, at the time of being sentenced," resulting in an illegal sentence. Appellant does not present this government-interference claim on appeal, and even if he did, it is well-settled that defense counsel is not a government official for purposes of this exception. *See*, *e.g.*, *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 725 (Pa. 2003).

Ignoring for the moment that Appellant did not allege the facts relating to his diligence in his PCRA petition or in his response to the PCRA court's notice of intent to dismiss, Appellant even now fails to explain why he could not have begun his research at an earlier time after his sentence became final. Waiting more than a decade, and after the filing of numerous PCRA petitions, to investigate a merger claim that could have been raised at any time after he was sentenced in 2000 does not constitute taking reasonable steps to protect his interests. Furthermore, the cases he "discovered" that led to his conclusion that his sentence is illegal are not "facts" for purposes of the PCRA's timeliness exception. *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) ("Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)."). Thus, Appellant has failed to meet his burden under the newly-discovered facts exception.

Finally, in the supplement to his brief in this Court, Appellant contends that his challenge to the legality of his sentence can never be waived and may be raised by an appellate court *sua sponte*. Appellant's Supplemental Brief at unnumbered 2. While Appellant is correct that such claims generally cannot be waived, it is also true that no court can entertain the claim if it lacks jurisdiction to do so based upon the untimeliness of the petition. *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction

over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." (citation and internal quotation marks omitted)); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Because Appellant's petition was untimely filed, and he failed to establish a timeliness exception, the PCRA properly dismissed it based upon lack of jurisdiction.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2017